# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2014

Lyle W. Cayce
Clerk

No. 14-40030

DAVID ESCAMILLA,

Plaintiff-Appellant,

v.

M2 TECHNOLOGY, INC.; DOES 1-20,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-634

Before DAVIS, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant David Escamilla, owner of a trademark for M2 under exclusive license to M2 Software, Inc. ("M2 Software"), appeals the district court's denial of his motion for preliminary injunction against Defendant-Appellee M2 Technology, Inc. ("M2 Technology") for trademark infringement and related claims, including unfair competition and state law claims. For the reasons set out below, we AFFIRM.

Escamilla claims that he has used the M2 trademark for more than 20 years in the information technology industry and that M2 Technology

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40030

wrongfully adopted the M2 mark for some of the same services provided by M2 Software. Escamilla sought to enjoin M2 Technology from:

> (a) advertising, marketing, selling or rendering any product or service or otherwise using the M2® trademark or trade name in any form . . . ;
> (b) representing to any person or entity that they have authority or license to use the M2® trademark symbol;
> (c) representing to any other person or entity that Defendants and/or their products and services are in any manner associated with, connected to, or affiliated with Plaintiff; and
> (d) using any URL's incorporating the M2® term.[1]

The district court referred Escamilla's motion for preliminary injunction to the magistrate judge, who issued a report and recommendation which found in favor of M2 Technology on every relevant issue and therefore recommending that the motion be denied. The district court, following *de novo* review of the objections filed by Escamilla and the response by M2 Technology, concluded that the magistrate judge was correct. The district court fully adopted the report and recommendation and denied Escamilla's motion for preliminary injunction. Escamilla appealed. We review under the following standards:

> A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. These four elements are mixed questions of law and fact. Accordingly, we review the factual findings of the district court only for

---

[1] Escamilla's Proposed Order submitted in connection with his Motion for Preliminary Injunction.

No. 14-40030

> clear error, but we review its legal conclusions *de novo*.
> Likewise, although the ultimate decision whether to
> grant or deny a preliminary injunction is reviewed
> only for abuse of discretion, a decision based on
> erroneous legal principles is reviewed *de novo*.[2]

The magistrate judge concluded that Escamilla had failed to carry his burden in showing a likelihood of success on the merits of the infringement claim, which requires Escamilla to show: (1) that he possesses a valid mark, and (2) that M2 Technology's use of the trademark "creates a likelihood of confusion as to source, affiliation, or sponsorship."[3] To determine whether such a likelihood of confusion exists, courts look to the following "digits of confusion," though no single factor is dispositive:

> (1) the type of trademark allegedly infringed,
> (2) the similarity between the two marks,
> (3) the similarity of the products or services,
> (4) the identity of the retail outlets and purchasers,
> (5) the identity of the advertising media used,
> (6) the defendant's intent, . . .
> (7) any evidence of actual confusion[, and]
> (8) the degree of care exercised by potential
> purchasers.[4]

The magistrate judge found that Escamilla had failed to show any likelihood of confusion for a number of reasons. M2 Software is a small company that is focused almost exclusively on the media field and has little ongoing business, while M2 Technology is a larger company that is focused on

---

[2] *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998) (quoting *Sunbeam Products, Inc. v. West Bend Co.*, 123 F.3d 246, 250 (5th Cir. 1997)).

[3] *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 532 (5th Cir. 2012).

[4] *Id.* at 532 (citing *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 194 (5th Cir. 1998) and quoting *Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008)) (internal quotation marks omitted).

national defense projects, primarily supplies to government contractors, and requires personnel with security access. M2 Technology sells no products under the M2 mark but only through third-party manufacturers, and M2 Technology's services are typically provided through those third party manufacturers or through M2 Technology's employees with security clearance, all in contrast to M2 Software's business model. M2 Technology, as a government supplier, is required to register in certain government databases in which M2 Software is not registered.

For these and other reasons, the magistrate judge found that the businesses occupy very different markets. Just as important, the magistrate judge found that Escamilla had showed no evidence that he suffered damages as a result of M2 Technology' existence, that he suffered any other harm (e.g., loss of control, loss of goodwill), or that M2 Technology had engaged in any bad faith behavior. From these findings of fact, the magistrate judge concluded that Escamilla had failed to show a probable likelihood of confusion as to the use of the M2 mark; that Escamilla had failed to show any harm (irreparable or otherwise) caused by M2 Technology; that the issuance of an injunction would damage M2 Technology; and that an injunction would not serve the public interest.

In sum, the magistrate judge—and thus the district court, by adopting the report and recommendation—found that Escamilla failed to make any of his required showings under the law to secure a preliminary injunction. We find no clear error in any of the magistrate judge's findings of facts, nor, under *de novo* review, any legal error. Accordingly, we cannot say that the district court abused its discretion in denying the motion for preliminary injunction.

For the reasons set out above, we AFFIRM.